**Ivan Acosta RIVERA and Ana A. Balseiro Chacon, Appellants,**

v.

**Wifredo Segarra MIRANDA and Nancy Pujals, Appellees.**

**Civil No. 07–1301 (GAG).**
**Bankruptcy No. 06–0559 (SEK).**

United States District Court,
D. Puerto Rico.

Oct. 12, 2007.

Ivan Acosta–Rivera, Arecibo, PR, pro se.

Ana A. Balseiro–Chacon, Arecibo, PR, pro se.

Noemi Landrau–Rivera, San Juan, PR, for Appellees.

Nancy Pujals, San Juan, PR, for U.S. Trustee.

## *OPINION AND ORDER*

GUSTAVO A. GELPÍ, District Judge.

Debtors Ivan Acosta Rivera ("Acosta") and Ana A. Balseiro Chacon ("Balseiro") moved to dismiss their Chapter 7 petition pursuant to 11 U.S.C. § 521(i)(1) and 521(i)(2) on the ground that they had failed to make certain required filings. The United States Bankruptcy Court for the District of Puerto Rico ("Bankruptcy Court") entered an order *nunc pro tunc* excusing the debtors from the filing requirements and finding moot the debtors' dismissal request. The debtors now appeal before this court. For the reasons set forth below, the court **REVERSES** the judgment of the Bankruptcy Court and **REMANDS** the case for the entry of dismissal.

## I. Relevant Background

According to the Bankruptcy Court docket ("BD"), the facts and travel of the case are as follows. On March 2, 2006, married debtors Acosta and Balseiro filed a Chapter 13 voluntary petition with the Bankruptcy Court. BD 1. At the time, the debtors failed to schedule a suit they had filed in local court against Acosta's former employer for unpaid wages and damages ("the suit"). On May 17, 2006, the debtors converted their case to Chapter 7. BD 21. On September 8, 2006, the debtors scheduled the suit for the first time, but listed its value as unknown. BD 43. The debtors amended their schedules two more times on October 11 and 13, 2006, asserting varying valuations of the suit. BD 56,

57. On October 16, 2006, the Chapter 7 trustee moved for authorization to settle Acosta's suit. BD 61. On November 15, 2006, the Chapter 7 trustee amended its motion for authorization to settle the suit. BD 71.

On November 30, 2006, the debtors filed a motion *pro se* to dismiss their Chapter 7 case pursuant to 11 U.S.C. § 521(i)(1) and 521(i)(2). BD 85. In this motion, the debtors argued that dismissal was appropriate because they had failed to file their payment advices and a statement of their monthly net income. *Id.* The Chapter 7 Trustee opposed the debtors' motion to dismiss on December 8, 2006. BD 86. On December 11, 2006, the debtors filed another request for dismissal. BD 89. On December 21, 2006, the debtors moved for the third time to dismiss their Chapter 7 case. BD 95. The U.S. Trustee opposed the debtors' dismissal requests on December 26, 2006. BD 94. On January 25, 2007, the debtors replied to the U.S. Trustee's opposition. BD 102. On February 1, 2007, creditors BBVA and Eurobank opposed the debtors' dismissal requests. BD 103, 105. On March 7, 2006, the debtors replied to BBVA and Eurobank's oppositions. BD 111. On March 8, 2007, the Bankruptcy Court held a hearing to address, *inter alia*, the debtors' requests for dismissal. BD 110. On March 20, 2007, the Bankruptcy entered an order *nunc pro tunc* "excusing Debtors from filing the payment advices mentioned in 11 U.S.C. § 521(a)(1)(B)(iv)" and finding moot the debtors' motions to dismiss. BD 114. The debtors now appeal this order.

## II. Jurisdiction

 This court has jurisdiction to hear bankruptcy appeals from "final judgments, orders, and decrees" pursuant to 28 U.S.C. 158 § (a)(1) or "with leave of the court, from interlocutory orders and de-

crees" pursuant to 28 U.S.C. § 158(a)(3). The First Circuit has recognized that " 'finality' is to be given a flexible interpretation in bankruptcy." *In re Harrington,* 992 F.2d 3, 5 (1st Cir.1993) (quoting *G.S.F. Corp.,* 938 F.2d 1467, 1472–73 (1st Cir. 1991)). "A bankruptcy order need not dispose of all aspects of a case in order to be final; an order which disposes of a 'discrete dispute within the larger case' will be considered final and appealable." *In re Am. Colonial Broad. Corp.,* 758 F.2d 794, 801 (1st Cir.1985) (quoting *In re Saco Local Dev. Corp.,* 711 F.2d 441, 444 (1st Cir.1983)). In this case, the Bankruptcy Court determined that the debtors' failure to make certain filings did not trigger the automatic dismissal provision of 11 U.S.C. § 521(i). Because that decision disposed of a discrete dispute within the larger case, the court concludes that the Bankruptcy Court's order denying the debtors' motions to dismiss is a final decree and that this court's jurisdiction has been properly invoked pursuant to 28 U.S.C. § 158(a)(1).

## III. Standard of Review

■■■■■ Appellate courts reviewing a bankruptcy appeal generally apply the "clearly erroneous" standard to findings of fact and *de novo* review to conclusions of law. *TI Fed. Credit Union v. DelBonis,* 72 F.3d 921, 928 (1st Cir.1995); *In re Savage Indus., Inc.,* 43 F.3d 714, 719–20 n. 8 (1st Cir.1994). Where the issue on appeal is essentially one of statutory interpretation, appellate courts review the issue *de novo. In re San Miguel Sandoval,* 327 B.R. 493, 506 (1st Cir. BAP 2005) (citing *Jeffrey v. Desmond,* 70 F.3d 183, 185 (1st Cir.1995)). In addition to the clearly erroneous and *de novo* standards of review, "[t]he appellate court in a bankruptcy appeal may apply an abuse of discretion standard of review of a decision or action by a Bankruptcy Court when such decision is within the discretion of the Bankruptcy

Court." *Id.* (quoting 9E Am.Jur.2d Bankruptcy § 3512 (2004)).

## IV. Discussion

■■■ In 2005, Congress enacted the Bankruptcy Abuse Prevention and Consumer Protection Act ("BAPCPA"). *See* 11 U.S.C. § 521. BAPCPA imposed a host of new requirements on debtors. Relevant to this suit, Section 521(a)(1)(B) provides that a debtor is required to file certain documents, including copies of all payment advices received within 60 days before the petition's filing date and a statement of monthly net income, unless otherwise ordered by the court. 11 U.S.C. § 521(a)(1)(B)(iv) and (v). In this case, there is no dispute that the debtors did not file their payment advices and a statement of their monthly net income. The main issue on this appeal is whether the Bankruptcy Court erred when it excused the debtors from filing this required information more than 45 days after they filed their bankruptcy petition.

Section 521(i)(1) states that, subject to paragraphs (2) and (4), if a debtor fails to file all of the information required by section 521(a)(1) within 45 days after filing the petition, "the case shall be automatically dismissed effective on the 46th day after the filing of the petition." 11 U.S.C. § 521(i)(1). This command is "clear and unmistakable." *In re Bonner,* 374 B.R. 62, 64 (Bkrtcy.W.D.N.Y.2007). Here, the debtors failed to file their payment advices and a statement of their monthly net income within 45 days of filing their bankruptcy petition. Moreover, the debtors did not request an extension of time within the same 45–day period to file this information. *See* 11 U.S.C. § 521(i)(3). The majority of courts which have construed Section 521(i) have concluded that there is no discretion to avoid the automatic dismissal consequence of non-compliance with

the 45–day deadline. *See Bonner*, 374 B.R. at 64–65 (holding that court could not retroactively relieve debtor of obligation to file copy of final payment advice or reinstate the debtor's case once it was automatically dismissed); *In re Calhoun*, 359 B.R. 738, 740–41 (Bkrtcy.E.D.Mo.2007) (holding that court had no discretion to extend 45–day period specified in Section 521(i)(1) for filing of payment advices once this 45–day period expired with no filing of payment advices, with no request for extension by debtor, and with no motion by trustee); *In re Spencer*, 2006 WL 3820702 *1 (Bkrtcy.D.Dist.Col.2006) (holding that debtor's case was automatically dismissed because debtor did not file a statement of current monthly income and means test calculation within the 45–day period after she filed her petition and because no motions were filed under Section 521(i)(3) or (4)); *In re Young*, 2006 WL 3524482 *3 (Bkrtcy.S.D.Tex.2006) (noting that Section 521(i) contains no language of discretion and that if the filing requirements of Section 521(a)(1) are not timely met, the case is automatically dismissed); *In re Lovato*, 343 B.R. 268, 270 (Bkrtcy.D.N.M.2006) (dismissing debtor's case because debtor failed to timely submit payment advices and because BAPCPA left the court with no discretion); *In re Conner*, 2006 WL 1548620 *1 (Bkrtcy.N.D.Fla.2006) (noting that there is no provision that allows reinstatement of a debtor's case upon that debtor's tardy compliance with the filing requirements of Section 521(a)(1)); *In re Fawson*, 338 B.R. 505, 514 (Bkrtcy.D.Utah 2006) (holding that debtors' cases were automatically dismissed because debtors failed to file their payment advices within 45 days of the petition date or request an extension of time and that court had no discretion to extend the 45–day period); *In re Ott*, 343 B.R. 264, 266–67 (Bkrtcy. D.Colo.2006) (holding that court has no discretion to enlarge the time limitations set forth in Section 521(i)(1) after expiration of those time limitations); *In re Williams*, 339 B.R. 794, 795 (Bkrtcy. M.D.Fla.2006) (holding that court has no discretion to extend filing deadline on motion to extend that was no filed until after this 45–day deadline had expired). Appellees ask the court to adopt the minority view espoused by some courts which have held that there is no requirement that the order excusing the debtor from filing the documents under Section (a)(1)(B) be entered prior to the expiration of the 45–day period. *See In re Withers*, 2007 WL 628078 *4 (Bkrtcy.N.D.Cal.2007); *In re Parker*, 351 B.R. 790, 801 (Bkrtcy.N.D.Ga. 2006). Because allowing the Bankruptcy Court to retroactively relieve the debtors from filing the required information under Section (a)(1)(B) would render the automatic dismissal provision in Section 521(i)(1) meaningless, the court will not adopt this minority view. Moreover, a major goal of Congress in enacting the BAPCPA was to replace judicial discretion with specific statutory standards and formulas. *In re Nance*, 371 B.R. 358, 366 (Bkrtcy.S.D.Ill.2007). In light of the above, the court holds that Bankruptcy Court erred as a matter of law when it excused the debtors from filing their payment advices more than 45 days after the debtors filed their bankruptcy petition.

■ The court recognizes the Bankruptcy Court's concern that the debtors sought dismissal after the trustee moved to settle Acosta's suit in local court. However, when Congress enacted BAPCPA, it "created a law that is sometimes self-executing, inflexible, and unforgiving. Title 11 U.S.C. § 521(i) is just one of those provisions." *Ott*, 343 B.R. at 266. "After the expiration of the specified period set forth in 11 U.S.C. § 521(i)(1), there are no exceptions, no excuses, only dismissal and the consequences that flow therefrom."

*Id.* at 268. BAPCPA left the court with no discretion to fashion any reasonable or equitable solution. *Lovato,* 343 B.R. at 270. Section 521(i)(4) provides the only statutory basis upon which the court may decline to enter an order of dismissal. *In re Hall,* 368 B.R. 595, 598 (Bkrtcy.W.D.Tex.2007); *Brickey,* 363 B.R. at 64–65. The trustees in this case did not take advantage of this provision. They did not move the Bankruptcy Court to retain the case after the debtors moved to dismiss it.

Because (1) the debtors failed to file their payment advices and a statement of their monthly net income within 45 days of filing their bankruptcy petition, (2) the debtors did not request an extension of time within the same 45-day period to file this information, and (3) the Trustee did not file a motion under 11 U.S.C. § 521(i)(4) to retain the debtors' case in Bankruptcy Court, the court finds that the debtors' case should have been automatically dismissed pursuant to Section 521(i)(1).

## V. Conclusion

For the foregoing reasons, the judgment of the Bankruptcy Court is hereby **REVERSED** and the case is **REMANDED** for the entry of dismissal.

**SO ORDERED.**